Kevin J. Walsh  (KW 6083)
Casey B. Howard  (CH 4633)
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue, 26th Floor
New York, New York 10022
(212) 947-4700 (Telephone)
(212) 947-1202 (Fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

NATIONAL BIOFUELS LP

                Plaintiff,

        - against -

ENAGRA, INC., MICHAEL V. PETRAS AND
ROBERT JAGUNICH

                Defendants.

------------------------------------------------------------ x

JUDGE MARRERO

**08 CV 2858**

08 CV

ECF CASE

MAR 18 2008

U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, National BioFuels LP ("NBF"), by and through its attorneys, Locke Lord Bissell & Liddell LLP, for its verified complaint against Enagra, Inc. ("Enagra"), Michael V. Petras ("Petras") and Robert Jagunich ("Jagunich"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      At all times material herein, Plaintiff NBF was and is a limited partnership organized and existing under the laws of the State of Texas with a principal place of business at 5120 Woodway Drive #10010, Houston, Texas 77056.

3.      Upon information and belief, at all times material herein, Defendant Enagra was and is a corporation organized under the laws of the state of California, with a principal place of business at 2475 Hanover Street, Palo Alto, CA 94304-1114.

4.      Upon information and belief, at all times material herein, Defendant Petras was and is an individual residing and/or conducting business at 2938 Scott Blvd., Santa Clara, CA 95054.

5.      Upon information and belief, at all times material herein, Defendant Jagunich was and is an individual residing and/or conducting business at 765 Christine Dr., Palo Alto, CA 94303.

6.      In the spring of 2007, NBF and Enagra entered into three separate contracts for the sale by NBF of Palm Methyl Esters "B99 EN14214" fuel to Enagra (the "Contracts") as follows:

      a.      On or about February 14, 2007, NBF agreed to sell and did sell 102 MT to Enagra at $650.00/MT for a total of $66,300.00 (a true and correct copy of this agreement and the confirming invoice are attached hereto as Exhibit "A");

      b.      On or about February 14, 2007, NBF agreed to sell and did sell 3,688.48 MT to Enagra at $650.00/MT for a total of $2,397,512.00 (a true and correct copy of this agreement and the confirming invoice are attached hereto as Exhibit "B"); and

    c.     On or about March 3, 2007, NBF agreed to sell and did sell 6,041 MT to

Enagra at $510.00/MT for a total of $3,080,910.00 (a true and correct

copy of this agreement and the confirming invoice are attached as Exhibit

"C").

7.     Under the terms of the Contracts, Enagra was to pay NBF in cash upon the

presentment of the agreed sales and delivery documents set forth therein.

8.     As set forth below, Enagra has breached its obligations under the Contracts by

taking possession of the fuel without full payment as required under such contract.  Further, as

set forth below, Enagra's unlawful retention of NBF's fuel and its attempt to sell NBF's fuel to

third parties constitutes a conversion of NBF's property.

9.     As a result of the foregoing, and as described below, NBF has sustained damages

in the principal amount of $1,681,189.00 (calculated as the total of the Contracts, $5,544,722.00,

less partial payments and credits), exclusive of interest, costs and reasonable attorneys' fees.

10.     Under the Contracts and the terms incorporated under the Contracts, NBF is

entitled to receive its interest, expenses and reasonable attorneys' fees for prosecuting its claims

to completion, which amount is estimated to be $602,614.02, as set forth below:

Interest:     $302,614.02 ($1,681,189.00 x. 0.09/year x 2 years)

Attorneys' Fees/Expenses:  $300,000.00

Total:     $602,614.02

11.     Subsequent to the execution of the Contracts, NBF caused such fuel to be loaded

and shipped to Rotterdam, The Netherlands (as to the February 2007 contracts) or to be sold "in

tank" at the San Pedro Westway Terminal in California (as to the March 2007 contract) and each

3

delivery was accomplished. Thereafter, the required documents were presented for payment by NBF, as required under the Contracts, but NBF has never received payment.

12.    Enagra is not found within the Southern District of New York but does have assets, goods or chattels within the jurisdiction, to wit:  funds or accounts held in the name of Enagra Inc., which funds are with, upon information and belief, the following financial institutions:  JPMorgan Chase Bank, N.A.; Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; UBS AG; Wachovia Bank, N.A.; Societe Generale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other financial institution within the Southern District of New York.

13.    Upon information and belief, Enagra is the alter ego of Petras because Petras dominates and disregards the corporate form of Enagra to the extent that Petras is actually carrying on the business of Enagra and conducting Enagra's operations as if it were Petras' own.

14.    Upon information and belief, Petras is the sole owner of Enagra and effectively functions as its sole operating principal.  Petras functions as Enagra's agent negotiating the terms of all agreements on behalf of Enagra, including the Contracts.

15.    Upon information and belief, Enagra has not continued to observe and follow its own corporate formalities, including a failure to conduct shareholder and directors meetings. Upon information and belief, Petras uses Enagra as merely a shell to conduct his own personal business.

16.    Petras is not found within the Southern District of New York but does have assets, goods or chattels within the jurisdiction, to wit:  funds or accounts held in the name of Michael

V. Petras, which funds are with, upon information and belief, the following financial institutions: JPMorgan Chase Bank, N.A.; Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; UBS AG; Wachovia Bank, N.A.; Societe Generale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other financial institution within the Southern District of New York.

17.    Upon information and belief, Enagra and/or Petras has transferred at least $200,000 in funds belonging to or owed to NBF to Jagunich. Upon further information and belief, Jagunich sold Jagunich's share of NBF to Enagra and was paid $200,000 even though both Jagunich and Petras knew as limited partners of NBF, that such sale of equity is expressly prohibited given the Pledge Agreement signed by both Petras and Jagunich. Jagunich is a relative by marriage of Petras and an individual with no rights or claims to the funds owed by Enagra and/or Petras to NBF.

18.    Upon information and belief, the transfer of funds from Enagra and/or Petras which were due and owing to NBF to Jagunich was for the purpose of or achieved the purpose of denying payment due to NBF under the Contracts. As such, the transfer by Enagra or Petras and the receipt of such transfer by Jagunich constitutes the conversion of property owned or owed to NBF made expressly for the purpose of defeating the claims of Enagra's creditors, including NBF.

19.    Jagunich is not found within the Southern District of New York but does have assets, goods or chattels within the jurisdiction, to wit: funds or accounts held in the name of Robert Jagunich, which funds are with, upon information and belief, the following financial

5

institutions: JPMorgan Chase Bank, N.A.; Bank of America, N.A.; The Bank of New York;

Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; UBS AG;

Wachovia Bank, N.A.; Societe Generale; Standard Chartered Bank; BNP Paribas; Calyon

Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi

USA; Fortis Financial Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other

financial institution within the Southern District of New York.

20.     While all disputes arising out of the Contracts are to be arbitrated in London, this

action herein is submitted in accordance with Rules B, C and D of the Supplemental Rules of

Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9

U.S.C. §8, and is not and cannot be considered a waiver of the Contracts' respective arbitration

clauses.

## COUNT I

### Breach of Contract by Enagra

21.     NBF incorporates by reference Paragraphs 1-20 above.

22.     Under the terms of the Contracts, Enagra agreed to make payment for the quantity

of fuel being delivered upon presentment of the documents specified therein.

23.     NBF has complied with all of its obligations under the Contracts, including the

presentment of the specified documents. All conditions precedent, if any, have been satisfied or

have occurred.

24.     Enagra has failed to make full payment for the delivery of such fuel which

constitutes a breach of the Contracts, as a result of which NBF has been damaged and is entitled

to bring this claim herein.

25.    As a result of the foregoing, Enagra is liable to NBF in the principal amount of $1,681,189.00 exclusive of interest, costs and attorneys' fees (which additional amounts are recited above in paragraph 10).

## COUNT II

### Alter Ego

26.    NBF incorporates by reference Paragraphs 1-25 above.

27.    Because, upon information and belief, Enagra's sole owner and operating principal, Petras, has disregarded the corporate existence of Enagra and has conducted the business of Enagra as his own personal business and because Petras has not continued to observe the corporate formalities of Enagra in its operation, Enagra is the alter ego of Petras.

28.    Because Enagra is merely the alter ego of Petras, Petras is liable to NBF in the principal amount of $1,681,189.00 exclusive of interest, costs and attorneys' fees (which additional amounts are recited above in paragraph 10).

## COUNT III

### Conversion by Enagra, Petras and Jagunich

29.    NBF incorporates by reference Paragraphs 1-28 above.

30.    Although NBF has repeatedly demanded payment for the fuel delivered by NBF under the Contracts, no payments have been received from any of these Defendants.

31.    The refusal to make such payment by Enagra, Petras and Jagunich, while continuing to exercise dominion and/or control over the subject fuel and/or re-selling such fuel to third-parties is inconsistent with NBF's ownership rights.  Such actions, under these circumstances, constitutes the tort of conversion.

7

32.    As a result of the foregoing, Enagra, Petras and Jagunich are liable to NBF in the principal amount of $1,681,189.00 exclusive of interest, costs and attorneys' fees (which additional amounts are recited above in paragraph 10).

WHEREFORE, Plaintiff National BioFuels LP demands judgment as follows:

1.    That process in due form of law according to the practice of this Court in the form of a writ of maritime attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of the Civil Procedure be issued against bank accounts and other property of Defendants Enagra, Inc. and Michael V. Petras with the financial institutions noted above in paragraphs 12 and 16;

2.    That such Defendants and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3.    That judgment be entered in favor of National BioFuels and against the Defendants in the amount of $2,283,803.00 (including interest, expenses and attorneys' fees);

4.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against the subject fuel or its sale proceeds, in rem, pursuant to Rules C and D or the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

5.    That notice of the commencement of this suit in manner approved by the Court be given to the owner, bailee or custodian of the fuel to any person, form or

corporation which has recorded a notice of claim of any undischarged lien upon the fuel;

6.    That if Defendants cannot be found within this District, then all of such absent Defendants' property of any description whatsoever located within this District be attached for up to the amounts sued for herein, and condemned and sold to pay the amounts due Plaintiff National BioFuels LP; and

7.    That this Court grant Plaintiff National BioFuels LP such other and further relief which it may deem just and proper.

Dated: New York, New York
       March 18, 2008

Respectfully submitted,
LOCKE LORD BISSELL & LIDDELL LLP

By: _____
    Kevin J. Walsh (KW 6083)
    Casey B. Howard (CH 4633)
    885 Third Avenue, 26th Floor
    New York, New York 11105
    212.812.8304
    Fax: 212.812.8364
    Attorneys for Plaintiff National BioFuels, LP

OF COUNSEL:

Kenneth E. McKay
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis, Suite 3400
Houston, Texas 77002-3095
713.226.1127
Fax: 713.223.3717

9

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1.    My name is Casey B. Howard.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am associated with the firm of Locke Lord Bissell & Liddell LLP, attorneys for the Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.


Dated: March 18, 2008
       New York, New York

_____
Casey B. Howard

NYC 65476v.2

10

# EXHIBIT A

# National BioFuels

**National BioFuels, LP**
**5120 Woodway Drive, Suite 10010**
**Houston, TX 77056-1725**

| Invoice | INV100000024 |
|---------|--------------|
| Date | 2/14/2007 |
| Page | 1 |

Bill to:
Enagra Inc

301 Bush St
Suite 300
San Francisco CA   94104

Federal Tax ID: 20-2396217
SG OHC 78-020684

| Customer ID | Payment Terms |
|-------------|---------------|
| ENA001 | NET 30 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 102.00 | Sale of Palm Methyl Esters B-99 EN14214 | $650.00000 | $66,300.00 |

| | |
|--|--|
| Subtotal | $66,300.00 |
| Misc | $0.00 |
| Tax | $0.00 |
| Freight | $0.00 |
| Trade Discount | $0.00 |
| Total | $66,300.00 |

Wire Information: JP Morgan Chase, N. A. 713-216-7797
ABA# 113000609   Account# 00113435433
Account Name: National BioFuels
If paying by check, please use company address on top of invoice

We have the pleasure of confirming the following terms

| | |
|---|---|
| **Date:** | February 14, 2007 |
| **Seller:** | National BioFuels LP (NBF)<br>5120 Woodway Suite 10010<br>Houston, Tx 76034 |
| **Buyer:** | Enagra Inc (Enagra)<br>301 Bush St<br>Suite 300<br>San Francisco, Ca 94104 |
| **Quantity:** | 102 metric tons in total<br>5% more or less at Sellers option |
| **Packing** | In bulk |
| **Product** | Palm Methyl Esters B-99 EN14214 |
| **Origin** | USA |
| **Insurance** | to be provided by NBF |
| **Specs:** | CFPP max +11 degrees Celsius (EN 116)<br>All other spec has to be in line with EN 14214 |
| **Weight & Quality** | Final at time of discharge |
| **Analysis** | Final at ships composite sample at load port per certificates<br>Of FOSFA approved lab |
| **Contract Price** | US $ 650.00 per metric ton<br>CIF Amsterdam Westway Terminal, Netherlands |
| **Payment terms** | Cash against full set of documents. |
| **Documents** | As requested in buyer's choice |
| **Ship Arrival** | Arrival first half of March |
| **Demurrage** | As per charter party |
| **Trading Rules** | As per FOSFA rules with arbitration for any dispute<br>Which cannot be settled amicably |

Other              ENAGRA acknowledges that it is using the Product and
                   Quantity from this Confirmation to sell to other downstream
                   customers. ENAGRA will cause all proceeds from such sale to
                   downstream customers to be he assigned in full to NBF for
                   payment under this confirmation. ENAGRA will instruct its
                   banks via written approval to comply with all requests by NBF
                   ensure that such proceeds are given to NBF as payment under
                   this confirmation.

This contract confirms the parties understanding of the terms of this transaction
and to the extent not in conflict with the terms set forth above, this contract is
subject to the additional terms and conditions of the FOSFA 54 which terms and
conditions are incorporated herein as part of this contract. This contract expressly
limits acceptance to the terms and conditions stated herein, supersedes any and all
prior agreements and understandings, written or oral, between the parties, and may
not be changed unless expressly assented in writing by the parties hereto.

Please confirm your acceptance of the foregoing by returning a countersigned copy
of this contract by mail to the address indicated above.
Not withstanding the foregoing, if within 48 hours from receipt of this contract you
have neither objected in writing to the terms hereof, nor proffered terms contrary
hereto which are accepted in writing by NBF, then the terms of this contract shall
constitutes the binding agreement between parties in respect to the subject matter
above.

National BioFuels LP                          Enagra, Inc
By: National Biofuels LLC, its general partner

By:  GERARDO MANALAC                          By: MIGERAN
Title: PRESIDENT                              Title: PRESIDENT

# EXHIBIT B

# National BioFuels

**National BioFuels, LP**
**5120 Woodway Drive, Suite 10010**
**Houston, TX 77056-1725**

| Invoice | INV100000023 |
|---|---|
| Date | 2/14/2007 |
| Page | 1 |

Bill to.
Enagra Inc

301 Bush St
Suite 300
San Francisco CA   94104

Federal Tax ID 20-2396217
SG OHC 78-020684

| Customer ID | Payment Terms |
|---|---|
| ENA001 | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 3,688.48 | Sale of Palm Methyl Esters B-99 EN14214 | $650.00000 | $2,397,512.00 |

| | |
|---|---|
| Subtotal | $2,397,512.00 |
| Misc | $0.00 |
| Tax | $0.00 |
| Freight | $0.00 |
| Trade Discount | $0.00 |
| Total | $2,397,512.00 |

Wire Information: JP Morgan Chase, N. A. 713-216-7797
ABA# 113000609   Account# 00113435433
Account Name: National BioFuels
If paying by check, please use company address on top of invoice

We have the pleasure of confirming the following terms

Date:                   February 14, 2007

Seller:                 National BioFuels LP (NBF)
                        5120 Woodway Suite 10010
                        Houston, Tx 76034

Buyer:                  Enagra Inc (Enagra)
                        301 Bush St
                        Suite 300
                        San Francisco, Ca 94104

Quantity:               3500 metric tons in total
                        5% more or less at Sellers option

Packing                 In bulk

Product                 Palm Methyl Esters B-99 EN14214

Origin                  USA

Insurance               to be provided by NBF

Specs:                  CFPP max +11 degrees Celsius (EN 116)
                        All other spec has to be in line with EN 14214

Weight & Quality        Final at time of discharge

Analysis                Final at ships composite sample at load port per certificates
                        Of FOSFA approved lab

Contract Price          US $ 650.00 per metric ton
                        CIF Amsterdam Westway Terminal, Netherlands

Payment terms           Cash against full set of documents.

Documents               As requested in buyer's choice

Ship Arrival            Arrival first half of March

Demurrage               As per charter party

Trading Rules           As per FOSFA rules with arbitration for any dispute
                        Which cannot be settled amicably

Other            ENAGRA acknowledges that it is using the Product and
                 Quantity from this Confirmation to sell to Mann Liquid
                 Products Ltd Product pursuant to a Confirmation between
                 ENAGRA and Mann Liquid ProductsLtd on February 14,
                 2007 ("Mann Confirmation) or thereabouts. ENAGRA will
                 cause all proceeds from such sale under the Mann
                 Confirmation to be assigned in full to NBF for payment under
                 this confirmation. ENAGRA will instruct its banks via written
                 approval to comply with all requests by NBF ensure that such
                 proceeds are given to NBF as payment under this
                 confirmation.


This contract confirms the parties understanding of the terms of this transaction
and to the extent not in conflict with the terms set forth above, this contract is
subject to the additional terms and conditions of the FOSFA 54 which terms and
conditions are incorporated herein as part of this contract. This contract expressly
limits acceptance to the terms and conditions stated herein, supersedes any and all
prior agreements and understandings, written or oral, between the parties, and may
not be changed unless expressly assented in writing by the parties hereto.


Please confirm your acceptance of the foregoing by returning a countersigned copy
of this contract by mail to the address indicated above.
Not withstanding the foregoing, if within 48 hours from receipt of this contract you
have neither objected in writing to the terms hereof, nor proffered terms contrary
hereto which are accepted in writing by NBF, then the terms of this contract shall
constitutes the binding agreement between parties in respect to the subject matter
above.




National BioFuels LP                          Enagra, Inc
By: National Biofuels LLC, its general partner


By: GERARDO MANALAC                           By: M. PETRAS
Title: CEO                                    Title: PRESIDENT

**Shirley Thomas**

**From:**    GP Manalac

**Sent:**    Wednesday, February 14, 2007 2:29 PM

**To:**      Shirley Thomas

**Subject:** RE: how many gallons got loaded exactly

Can you generate an invoice to ENAGRA based on this volume below. Attached is the confirmation agmt to refer to.

**From:** Kevin Gorman [mailto:kgorman@nationalbiofuels.com]
**Sent:** Wednesday, February 14, 2007 2:29 PM
**To:** GP Manalac
**Subject:** RE: how many gallons got loaded exactly

3698.48mt
1115306.08 gal

**From:** GP Manalac [mailto:gpmanalac@fulcrumpower.com]
**Sent:** Wednesday, February 14, 2007 2:24 PM
**To:** Kevin Gorman - Contacts
**Subject:** how many gallons got loaded exactly

# EXHIBIT C

# National BioFuels

**National BioFuels, LP**
**5120 Woodway Drive, Suite 10010**
**Houston, TX 77056-1725**

| Invoice | INV100000029 |
|---------|--------------|
| Date | 3/1/2007 |
| Page | 1 |

Bill to:
Enagra Inc

301 Bush St
Suite 300
San Francisco CA   94104

Federal Tax ID: 20-2396217
SG OHC 78-020684

| Customer ID | Payment Terms |
|-------------|---------------|
| ENA001 | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 6,041.00 | Sales of 6041 MT of PME B99 EN14214 | $510.00000 | $3,080,910.00 |

| | |
|---|---|
| Subtotal | $3,080,910.00 |
| Misc | $0.00 |
| Tax | $0.00 |
| Freight | $0.00 |
| Trade Discount | $0.00 |
| Total | $3,080,910.00 |

Wire Information: JP Morgan Chase, N. A. 713-216-7797
ABA# 113000609   Account# 00113435433
Account Name: National BioFuels
If paying by check, please use company address on top of invoice

National BioFuels LP          Date: March 7, 2007

We have the pleasure of confirming the following terms

| | |
|---|---|
| Buyer: | National BioFuels LP<br>5120 Woodway Suite 10010<br>Houston, Tx 76034 |
| Seller: | Enagra Inc.<br>301 Bush St<br>Suite 300<br>San Francisco, Ca 94104 |
| Quantity: | 6041 metric tons in total (equivalent to 1,821,361.5 gallons)<br>5% more or less at Sellers option |
| Packing: | In bulk |
| Product: | Palm Methyl Esters "B-99", EN14214 |
| Origin: | USA |
| Specs: | CFPP max +11 degrees Celsius (EN 116)<br>All other spec has to be in line with EN 14214 |
| Weight & Quality | Final at time of discharge |
| Analysis | Final at ships composite sample at load port per certificates<br>Of FOSFA approved lab |
| Contract Price | US $510.00 per metric ton<br>IN TANK San Pedro Westway Terminal, USA |
| Payment terms | The sooner of Net 45 days or within 10 days from removal |
| Documents | As requested in buyer's choice |
| Ship Arrival | Arrival second half of March |
| Demurrage | As per charter party |
| Trading Rules | As per FOSFA rules with arbitration for any dispute<br>Which cannot be settled amicably |

This contract confirms the parties understanding of the terms of this transaction and to the extent not in conflict with the terms set forth above, this contract is subject to the additional terms and conditions of the FOSFA 54 which terms and conditions are incorporated herein as part of this contract. This contract expressly limits acceptance to the terms and conditions stated herein, supersedes any and all prior agreements and understandings, written or oral, between the parties, and may not be changed unless expressly assented in writing by the parties hereto.

Please confirm your acceptance of the foregoing by returning a countersigned copy of this contract by mail to the address indicated above.
Not withstanding the foregoing, if within 48 hours from receipt of this contract you have neither objected in writing to the terms hereof, nor proffered terms contrary hereto which are accepted in writing by National BioFuels, then the terms of this contract shall constitutes the binding agreement between parties in respect to the subject matter above.

National BioFuels, LP                    Enagra, Inc
By: National Biofuels LLC, its General Partner

Gerardo Manalac, CFO             Mike Petras, President